IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF NEW MEXICO

Case No. 19-CR-1304 JB

    Plaintiff,

vs.

JESUS ARMANDO MIXTECA-VILLEGAS,

    Defendant.

### UNOPPOSED MOTION TO CONTINUE TRIAL DATE AND EXTEND ALL DEADLINES

COMES NOW the Defendant, Jesus Armando Mixteca-Villegas, by and through his attorney of record, The Alarid Law Firm, P.C., Michael Alarid, Jr., and for his unopposed motion to continue the December 14, 2020 trial date and extend all deadlines in the above entitled and numbered cause, states the following:

1. A jury trial is scheduled in the above entitled and numbered cause to begin on December 14, 2020. Counsel was appointed to this case in August, 2020, during the COVID 19 health emergency.

2. At the time, the Defendant had recently been diagnosed with COVID and was coping with his health circumstances. Counsel is the third lawyer to be appointed to represent the Defendant in this case.

3. Attorney and client have exchanged letters and had some telephone appointments, and have begun to establish an attorney-client relationship, so that the Defendant will have confidence in his attorney's advice and be able to make a decision regarding how to proceed in this matter.

4. The Defendant respectfully requests a continuance to complete several tasks that are vital to the defense. Counsel for Defendant has had the opportunity to review some of the

discovery with the Defendant, but some discovery review must still be done. Specifically, the Defendant requests an additional ninety (90) days from the current December 14, 2020 setting to prepare for trial, prepare and file pretrial motions and to continue to pursue plea negotiations with the government. Ninety days is the minimum amount of time that is required to conduct such discussions and set this matter for a change of plea hearing, if a resolution is reached.

5. Counsel for Defendant has recently received a plea offer from the Government, but has not yet been able to discuss such offer with the Defendant. Failure to have adequate time for the Defendant to consider the Government's offer and respond would result in a miscarriage of justice and may result in the unnecessary expenditure of resources of all parties and the Court.

6. A continuance is necessary for counsel to complete the following tasks:

    a. Continue plea negotiations with the government;

    b. If a resolution is not reached, then additional time will be necessary to prepare pretrial motions, motions in limine, and prepare for trial;

7. The Defendant requests a continuance of the trial of no less than ninety days from the current setting. Counsel believes that length of time to be the minimum that will be sufficient to complete plea negotiations in this case.

8. The Defendant's right to the effective assistance of counsel includes adequate time to prepare for trial. Without that adequate time to prepare for trial, the Defendant will be denied his right to the effective assistance of counsel. As the Eleventh Circuit has recognized:

> "Implicit in this right to counsel if the notion of adequate time for counsel to prepare for the defense; "Disposition of a request for continuance . . .is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed. But the denial of opportunity for appointed counsel to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel. The Constitution's guarantee of assistance of counsel cannot be satisfied by mere

formal appointment." *United States v. Verderame,* 51 F.3d 249, 252 (11th Cir. 1995) (quoting *Avery v. Alabama,* 308 U.S. 444, 446, 60 S.Ct. 321, 322 (1940).

9. The Defendant will not be prejudiced by this continuance. Additional time will not prejudice the Defendant and will permit him additional time to prepare and file pretrial motions and to prepare for trial. Additionally, a continuance will potentially allow him to reach a favorable resolution with the government. Counsel has discussed with the Defendant his rights under the Speedy Trial Act and the Defendant understands the need for a continuance and respectfully requests that the Court continue his trial for the ninety days requested by counsel.

10, Undersigned counsel affirmatively states that the ends of justice will be served by granting this extension of time in which to file motions and continuance of the trial. *See United States v. Hernandez-Mejia,* 406 Fed. App'x. 330, 338 (10th Cir. 2011) ("The Speedy Trial Act was intended not only to protect the interests of defendants, but was also 'designed with the public interest firmly in mind'") (quoting *United States v. Toombs,* 574 F.3d 1262, 1273 (10th Cir. 2009)). A continuance of the deadlines and jury trial in this matter will provide the parties time to discuss a possible negotiated resolution of this matter. Such a negotiated resolution would conserve judicial and prosecutorial resources and could also materially benefit the Defendant by providing him access to a more favorable resolution of this matter. This motion is not predicated upon the congestion of the Court's docket.

11. Assistant U.S. Attorney Mark Pfizenmayer has been contacted for concurrence in this matter and concurs. Counsel are also trying to determine whether this matter can be resolved without the need for a trial, however, this will be difficult until Counsel for Defendant and the Defendant have completed their discovery review.

WHEREFORE, the Defendant respectfully requests that this Court continue the December 14, 2020 trial date scheduled in the above entitled and numbered cause for a minimum

of 90 days to allow Counsel for the Government and Counsel for Defendant to further investigate, review and evaluate the evidence and this case, and requests that all deadlines to file motions be extended, and for such further relief that this Court deems just and proper.

                                          Respectfully submitted,

                                  THE ALARID LAW FIRM, P.C.

                                  */s/ Michael Alarid, Jr.*
                                Michael Alarid, Jr.
                                Attorney for Defendant
                                300 Central Ave. SW Suite 2500 West
                                Albuquerque, NM 87102
                                (505) 242-6255

I HEREBY CERTIFY that as indicated on the generated NEF
the above document was filed through the CM/ECF system
on November 24, 2020 and as such was the equivalent of service
to AUSA Mark Pfizenmayer.

*/s/ Michael Alarid, Jr.*
Michael Alarid, Jr.